PER CURIAM.
We affirm the order of the trial court which declined to authorize disbursement to Sandra Rubin of certain condemnation proceeds resulting from an eminent domain action brought by the School Board of Dade County. At the time of the trial court’s ruling, Rubin’s entitlement to the proceeds had not been clearly established. Subsequent to the ruling, Rubin obtained a postdissolution judgment setting aside certain fraudulent real estate conveyances made to New Sunrise Investment Corp. by Rubin’s former spouse. Rubin was adjudicated the owner of a twenty-five percent undivided interest as a tenant in common in several parcels of real estate, including the condemned parcel. We affirmed the judgment in Rubin v. New Sunrise Investment Corp., 487 So.2d 301 (Fla. 3d DCA 1986). We, therefore, remand this cause to the trial court with directions to award Rubin her proportionate share of the condemnation proceeds. Because the apportionment controversy is not a direct result of the condemnation action but is part of a decade-long conflict between former spouses, Rubin is not entitled to an award of attorney’s fees from the school board. Terry v. Conway Land, Inc., 508 So.2d 401 (Fla. 5th DCA 1987).
Order affirmed; cause remanded with directions.